UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| TIMOTHY BROWDER,<br>Plaintiff<br><br>v.<br><br>OSI COLLECTION SERVICES, INC.,<br>Defendants |
|---|

C.A. No. 05-10462MLW

## ANSWER AND JURY DEMAND OF THE DEFENDANT, OSI COLLECTION SERVICES, INC.

The defendant, OSI Collection Services, Inc. ("Answering Defendant"), responds to the allegations in the plaintiff's Complaint, paragraph by paragraph, as follows:

### INTRODUCTION

1. The answering defendant denies all of the factual allegations set forth in this paragraph. To the extent that Browder alleges that any of his rights, or those of any other person, under federal or state statutory law, regulations or common law has been violated, the answering defendant denies all such allegations. The answering defendant further denies that Browder is entitled to any relief individually and also deny that this case is appropriate for adjudication as a class action. Further answering, the answering defendant states that Browder has brought this case for the improper purpose of seeking to avoid his clear liability for debt incurred for charges to his American Express credit card ("AMEX"), presumably to procure goods and services from which he has received a benefit and which remain owed.

### JURISDICTION AND VENUE

2. Answering defendant is advised by counsel and therefore avers that the allegations contained in Paragraph 2 of the Complaint are matters of law to which no responsive pleading is required, and accordingly, these allegations are neither admitted nor denied and proof is

39085.1

demanded at the time of trial. To the extent the allegations contained in Paragraph 2 are construed to be allegations of fact, they are denied.

## PARTIES

3. The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

4. The answering defendant admits the allegations contained in this paragraph.

5. The answering defendant admits the allegations contained in this paragraph.

6. The answering defendant admits the allegations contained in this paragraph.

7. The answering defendant admits the allegations contained in this paragraph.

## FACTS

8. The answering defendant admits the allegations contained in this paragraph.

9. Denied as stated. It is admitted only that the letter sought to collect an alleged defaulted debt. The remaining allegations of this paragraph of the Complaint are denied.

10. The answering defendant admits the allegations contained in this paragraph.

11. The answering defendant admits the allegations contained in this paragraph.

12. The answering defendant denies the allegations contained in Paragraph 12.

13. The defendant denies the allegations contained in Paragraph 13.

14. Denied as stated. It is admitted only that OSI employs a methodology to in calculating the debt owed. The remaining allegations of this paragraph of the Complaint are denied.

15. The answering defendant denies the allegations contained in Paragraph 15.

16. The allegations contained in Paragraph 16 consist merely of opinion or representations of law, and, consequently, do not pertain to the defendant, and accordingly, no response is

39085.1

required. To the extent the allegations contained in Paragraph 16 are construed to be allegations of fact, they are denied.

## COUNT I - FDCPA

17. The answering defendant re-avers its answers to paragraphs 1 through 16 inclusive of the Complaint as if set forth fully herein.

18. The defendant denies the allegations contained in Paragraph 18.

## CLASS ALLEGATIONS

19. Answering defendant is advised by counsel and therefore avers that the allegations contained in Paragraph 19 of the Complaint are matters of law to which no responsive pleading is required, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial. To the extent the allegations contained in Paragraph 19 are construed to be allegations of fact, they are denied.

20. Answering defendant is advised by counsel and therefore avers that the allegations contained in Paragraph 20 of the Complaint are matters of law to which no responsive pleading is required, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial. To the extent the allegations contained in Paragraph 20 are construed to be allegations of fact, they are denied.

21. Answering defendant is advised by counsel and therefore avers that the allegations contained in Paragraph 21 of the Complaint are matters of law to which no responsive pleading is required, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial. To the extent the allegations contained in Paragraph 21 are construed to be allegations of fact, they are denied.

39085.1

22. Answering defendant is advised by counsel and therefore avers that the allegations contained in Paragraph 22 of the Complaint are matters of law to which no responsive pleading is required, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial. To the extent the allegations contained in Paragraph 22 are construed to be allegations of fact, they are denied.

23. The answering defendant denies that the plaintiff is entitled to bring any action on behalf of any other persons and the answering defendant denies all remaining allegations contained in this paragraph.

24. Answering defendant is advised by counsel and therefore avers that the allegations contained in Paragraph 24 of the Complaint are matters of law to which no responsive pleading is required, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial. To the extent the allegations contained in Paragraph 24 are construed to be allegations of fact, they are denied.

25. Answering defendant is advised by counsel and therefore avers that the allegations contained in Paragraph 25 of the Complaint are matters of law to which no responsive pleading is required, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial. To the extent the allegations contained in Paragraph 25 are construed to be allegations of fact, they are denied.

### **DEMAND FOR JURY TRIAL**

The answering defendant, OSI Collection Services, Inc., demands a trial by jury for all of the issues and all of the counts alleged by the plaintiff, Timothy Browder, in his Complaint.

WHEREFORE, the answering defendant prays for judgment as follows:

39085.1

a) dismissing each part of the Complaint on its merits;

b) for its costs, disbursements and attorney fees; and

c) for such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The answering defendant states that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) insofar as this Court lacks subject matter jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

The answering defendant states that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) insofar as this Court lacks personal jurisdiction over the answering defendant.

### THIRD AFFIRMATIVE DEFENSE

The answering defendant states that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(3) insofar as venue is not proper.

### FOURTH AFFIRMATIVE DEFENSE

The answering defendant states that the plaintiff's Complaint should be dismissed against the answering defendants pursuant to Rule 12(b)(4) for insufficiency of process.

### FIFTH AFFIRMATIVE DEFENSE

The answering defendant states that the plaintiff's Complaint should be dismissed against the answering defendant pursuant to Rule 12(b)(5) insofar as service of process upon the answering defendant was not sufficient.

39085.1

### SIXTH AFFIRMATIVE DEFENSE

The answering defendant states that the plaintiff's Complaint should be dismissed against the answering defendant pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted because stating the full amount of debt owed in a notice, without breaking out interest, is not in violation of the FDCPA. If it were, OSI would be entitled to the bona fide error exemption.

### SEVENTH AFFIRMATIVE DEFENSE

The answering defendant states that if the plaintiff sustained damages as alleged in the Complaint, such damages were caused by a third person over whom the answering defendants exercised no control, and for whom the answering defendant is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

The answering defendant states that if the plaintiff sustained damages as alleged in the Complaint, such damages were caused by the intervening and superseding acts of a third person, which acts the answering defendant did not and reasonably could not foresee.

### NINTH AFFIRMATIVE DEFENSE

The answering defendant states that the plaintiff is estopped from bringing this action.

### TENTH AFFIRMATIVE DEFENSE

The answering defendant states that this action was not commenced within the time required by the applicable statute of limitations, and, therefore, plaintiff's claim should be barred.

### ELEVENTH AFFIRMATIVE DEFENSE

The answering defendant states that the plaintiff has waived any right to bring this action, and, therefore, the plaintiff's claim should be dismissed.

39085.1

## TWELFTH AFFIRMATIVE DEFENSE

The answering defendant states that the plaintiff has failed to mitigate his damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The award of statutory damages in this case, if any, is limited to a total of $1,000.

## FOURTEENTH AFFIRMATIVE DEFENSE

The answering defendant states that upon information and belief, if any violations of the FDCPA are found, then, and in that event, the answering defendant is not liable pursuant to 15 U.S.C. § 1692k(c), as such violations were the result of bona fide errors, notwithstanding the maintenance of procedures reasonably adopted to avoid any such errors.

## FIFTEENTH AFFIRMATIVE DEFENSE

The answering defendant states that the plaintiff gave consent in fact and/or apparent consent to any alleged actions of the answering defendant thereby barring the plaintiff's action and/or recovery.

## SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff is unable to satisfy the requirements necessary to proceed in this case on a class action basis.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The answering defendants intend to add and rely upon such other and further defenses as may become apparent during the discovery process in this action, and reserves the right to amend their answer to assert such defenses.

39085.1

Respectfully Submitted,
OSI Collection Services, Inc.,
The defendant,

*/s/ William T. Bogaert*
William T. Bogaert, BBO #546321
Mark R. Freitas, BBO #641205
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

39085.1

## CERTIFICATE OF SERVICE

I, William T. Bogaert, do hereby certify that I have on this 3rd day of June 2005, served a copy of the foregoing on the following:

    Daniel A. Edelman, Esq.
    Edelman, Combs, Latturner & Goodwin, LLC
    120 S. LaSalle Street, Suite 1800
    Chicago, IL 60603
    (312) 739-4200

                                                    */s/ William T. Bogaert*
                                                    William T. Bogaert

39085.1