**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10462 |
| | ) | Magistrate Judge Bowler |
| v. | ) | Filed 3/10/05 |
| | ) | |
| OSI COLLECTION SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT**

Plaintiff Timothy Browder ("Plaintiff") respectfully asks the Court to enter an order: (i) certifying a class for settlement purposes; (ii) granting preliminary approval of the class Settlement Agreement attached hereto as <u>Appendix A</u>; and (iii) appointing Claude Lefebvre, P.C. and Edelman, Combs, Latturner & Goodwin, LLC as class counsel. In support of this motion, the parties state as follows:

1. Plaintiff filed the above captioned lawsuit against defendant OSI Collection Services, Inc. ("OSI"), claiming violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"). Plaintiff claims that OSI sent him and others collection letters in which the amount of the debt was represented as being comprised of $0 in interest. Plaintiff claims Defendant's representation was false or misleading in violation of 15 U.S.C. §§ 1692e, e(2)(A), and e(10) because the debts OSI was attempting to collect were partially comprised of interest. Plaintiff contends that OSI's violation of the FDCPA constitutes a *per se* violation of Mass. G.L., ch. 93A, § 9. Defendant denies that it committed a violation of the FDCPA, Mass. G.L. ch. 93A, § 9 or is liable to Browder or any class members.

1

2.      Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiff and Defendant entered into the Settlement Agreement.

3.      The terms of the proposed settlement agreement are as follows:

a.      Class Certification.  The parties agree to the certification of a class for settlement purposes only, consisting of:

> (a) all natural persons who reside in Massachusetts,
> (b) who were sent a letter in the form represented
> by Exhibit A to the Amended Complaint by OSI
> Collection Services, Inc. (c) that had an interest
> field that was blank, (d) which letter was received
> between July 10, 2004 and March 30, 2005.

The parties have determined that the class, as defined, consists of approximately 462 individuals.

b.      Class Notice.  OSI will give, or cause to be given, notice to the class members by a form of U.S. Mail which permits the provision of address correction information.

c.      Class Members' Right to Opt Out.  Class members may seek to be excluded from the Settlement Agreement and the lawsuit by opting out of the settlement class within the time period set by this Court. Any member who opts out of the settlement class shall not be bound by the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Settlement Agreement.

d.      Claim Form.  In order to receive a portion of the cash payment

2

under the settlement, class members must complete and return a claim form. The claim form will be provided with the class notice.

    e. <u>Relief to Plaintiff and the Class</u>.  Defendant agrees to pay a total of $20,760.00 which shall be distributed as follows:

      (1) <u>Relief to Plaintiff</u>. Plaintiff shall receive $1,020.

      (2) <u>Relief to Class Members</u>. Class members who timely return a claim form and who do not opt out shall be paid their *pro rata* share of $9,240. Plaintiff's counsel anticipates that, at most, 30% of the class members will send in claim forms. If 30% (139) of class members do send in claim forms, each class member would receive approximately $66.47. If 20% (92) of class members send in claim forms, each class member would receive approximately $100.43. Any funds remaining in the Settlement Fund from uncashed checks shall be donated on a *cy pres* basis to a charity of Plaintiff's choosing. Given the risks associated with a jury trial Plaintiff's counsel believes that the class award is a fair and reasonable compromise.

      (3) <u>Attorneys' Fees and Costs</u>. Subject to the Court's approval, OSI agrees to pay Plaintiff's counsel fees and costs in the amount of $10,500. This amount is in addition to the amounts OSI shall pay to Plaintiff and class members.

      (4) <u>Costs of Notice and Administration</u>. Defendant shall bear the costs of class notice and distribution of settlement funds.

    4. For the following reasons, Plaintiff asks the Court to find that the requirements of Rule 23 have been satisifed and certify a class for settlement purposes only.

    **(a) Rule 23(a)(1) - The Settlement Class Is So Numerous That Joinder Of All Members Is Impracticable.**

There are 462 persons who meet the definition of the settlement class set forth above.  This is a sufficient number to satisfy the  numerosity requirement of Rule 23(a)(1). *See Mowbray v. Waste Management Holdings, Inc.*, 189 F.R.D. 184 (D.Mass. 1999) (certified class of 81)*; Swanson v. American Consumer Industries, Inc.,* 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); *see also* Newberg on Class Actions, 3rd Ed. Sec. 3.05, pp. 3-25.

        **(b)**      **Rule 23(a)(2) - The Claims Of The Settlement Class
Arise From Common Questions Of Law And Fact.**

The "threshold requirements of commonality and typicality [under Rule 23(a)(1) and (2)] are not high."  *Shipes v. Trinity Industries*, 987 F.2d 311, 316 (5th Cir. 1987); *see also United States v. Rhode Island Dept. of Employment Sec.*, 619 F, Supp. 509, 513 (D.R.I. 1985). The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact.  *Muth v. Dechert, Price & Rhoads*, 70 F.R.D. 602, 607 (E.D. Pa. 1976);  *In re Asbestos Sch. Litig.*, 104 F.R.D. 422 (E.D. Pa. 1984); *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992).  In the present case, all class members and Plaintiff received a form collection letter that Plaintiff claims is false or misleading in violation of the FDCPA and, therefore, Mass. G.L., ch. 93A, § 9. Plaintiff and class members are united by these common issues of fact and law.

        **(c)**      **Rule 23(a)(3) - Named Plaintiff's Claims Are Typical
Of the Claims Of The Settlement Class.**

The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *Adair v. Sorenson*, 134 F.R.D. 13, 17 (D.Mass. 1991) ("The named plaintiff's claims are typical of the class when the

plaintiff's injuries arise from the same event, practice or course of conduct of the defendant as do the injuries which form the basis of the class claim."); *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory"); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (the typicality requirement is satisfied where the "claims or defenses of the class and the class representative arise from the same event or practice and are based upon the same legal theory").

In the present case, all of the class members' claims arise out of the content of a standard form collection letter sent by Defendant. Accordingly, the typicality requirement of Rule 23(a)(3) presents no obstacle to certification of a settlement class in the present matter.

### (d)  Rule 23(a)(4) - Plaintiff Will Fairly And Adequately Protect The Interests Of The Settlement Class.

The determination that the "representative parties will fairly and adequately protect the interests of the class" as required by Rule 23(a)(4) involves two considerations:  (1) whether the plaintiffs' attorneys are properly qualified and experienced to conduct the litigation; and (2) whether the plaintiffs have any interests antagonistic to the Class.  *Adair v. Sorenson*, 134 F.R.D. 13, 17 (D.Mass. 1991); *accord*, *Andrews  v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985); *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975); *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321 (E.D.N.Y. 1982).

 Plaintiff's counsel is experienced in class action litigation. (Appendix B).  In addition, as the Plaintiff has shown through his prosecution of this matter, he has no interests which are antagonistic to the settlement class members. Therefore, Plaintiff and his counsel

satisfy the adequacy of representation requirement embodied in Rule 23(a)(4).

**(e)    The Settlement Class May Be Certified
Pursuant to Rule 23(b)(3).**

Class certification is appropriate under Rule 23(b)(3) where: (1) common

questions of law or fact predominate over individual questions; and where (2) a class action

represents a superior method for the fair and efficient adjudication of the controversy. Both of

these requirements are satisfied in the present case.

**1.    Common questions predominate over individual issues.**

In order for common questions of law or fact to predominate over individual

issues for purposes of Rule 23(b)(3), common issues must constitute a significant part of the

individual cases. *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). Courts

"generally focus on the liability issues in deciding whether the predominance requirement is met,

and if the liability issue is common to the Class, common questions are held to predominate. *In

re Alexander Grant & Co. Litigation*, 110 F.R.D. 528, 534 (S.D. Fla. 1986); *see also Dura-Built

Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 89 (S.D.N.Y. 1981). In the present case,

common issues relating to the content of the form collection letter predominate over individual

issues, as required by Rule 23(b)(3). In fact, there does not appear to be any individual issues

other than the identity of the individuals who received the letter.

**2.    A Class Action is Superior to Other Methods of
Resolving This Matter.**

For many of the reasons set forth above, a class action is the superior method to

resolve the claims presented in this action. In determining the superiority of a class action, the

Court must consider the best available method of resolving the controversy in keeping with the

6

goal of judicial economy. In reaching this determination, the Court should consider the inability

of the uninformed to bring their claims and the improbability that large numbers of class

members would possess the initiative to litigate individually. *Haynes v. Logan Furniture Mart,*

*Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).  In *Phillips Petroleum Company v. Shutts*, 472 U.S.

797, 809, 105 S.Ct. 2965 (1985), the Supreme Court recognized that in cases where the class

members' claims are too many or too small to litigate on an individual basis, the Court can

certify the case as a class action under Rule 23(b)(3).

Given the number of individual lawsuits that would be required if a class were not

certified, a class action presents a superior method to fairly and efficiently adjudicate all of the

claims of the settlement class members in this case, within the meaning of Rule 23(b)(3).  To the

extent that any Class member wishes to pursue any such individual claim, he or she is free to opt

out of the settlement under Rule 23(b)(3).

5.    A district court can approve a class action settlement  if it is fair, adequate

and reasonable. Durrett v. Housing Authority of the City of Providence, 896 F.2d 600, 604 (1st

Cir.1990); Duhaime v. John Hancock Mut. Life Ins. Co., 177 F.R.D. 54, 67 (D.Mass.1997).

Counsel for Plaintiff and the proposed class respectfully submits that that the settlement of this

action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate,

and would be in the best interests of the class members.

6.    A draft preliminary approval order is attached as Exhibit C to the

Settlement Agreement. Plaintiff asks the Court to allow Defendant 30 days from the date of the

order to cause notice to be mailed to the class. Plaintiff also asks that the class members be

allowed 45 days from the date of mailing to opt-out, object, or submit a claim form. Lastly,

Plaintiff requests a date for a hearing on the fairness of the settlement at least three weeks following the deadline for class members to opt-out, object, or submit a claim form.

WHEREFORE, Plaintiff respectfully asks the Court to enter an order in the form of <u>Exhibit C</u> to the Settlement Agreement, which (i) certifies a class for settlement purposes; (ii) grants preliminary approval of the proposed settlement, (iii) appoints Claude Lefebvre, P.C. and Edelman, Combs, Latturner & Goodwin, LLC as class counsel; (iv) directs the mailing of notice in the form of <u>Exhibit B</u> to the Settlement Agreement; and (v) sets dates for opt-outs, objections, and return of claim forms, and schedules a hearing for final approval under Fed. R. Civ. P. 23(e)(3).

Respectfully submitted,


 s/ Francis R. Greene
Daniel A. Edelman
Francis R. Greene
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher Lefebvre
CLAUDE LEFEBVRE, P.C.
P.O. Box 479
Pawtucket, Rhode Island 02862
(401) 728-6060
(401) 728-6534 (FAX)

**RULE 7.1 CERTIFICATION**

I, Francis R. Greene, hereby certify that I have conferred in good faith with counsel for OSI Collection Services, Inc. regarding this Motion.  Defendant's counsel did not object to the filing of this motion.

 s/ Francis R. Greene 
Francis R. Greene

## **CERTIFICATE OF SERVICE**

I, Francis R. Greene, hereby certify that on November 18, 2005, a copy of the foregoing **PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** was filed electronically and notice was electronically sent to the following parties:

William T. Bogaert
bogaertw@wemed.com

Mark R. Freitas
freitasm@wemed.com

s/ Francis R. Greene
Francis R. Greene
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
(312) 739-4200
(312) 917-0379 (FAX)
fgreene@edcombs.com

# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10462 |
| | ) | Magistrate Judge Bowler |
| v. | ) | Filed 3/10/05 |
| | ) | |
| OSI COLLECTION SERVICES, INC., | ) | |
| | ) | |
| Defendant | ) | |

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1.    **Parties.** The parties to this Agreement are OSI Collection Services, Inc
("Defendant") on the one hand, and Timothy Browder ("Plaintiff") and the class of persons as
defined in ¶ 9, below

2.    **Nature of litigation.** Plaintiff Browder originally brought his action in the
United States District Court for the Eastern Division of Massachusetts  The action, styled *Timothy
Browder v OSI Collection Services, INC,* 1:05cv10462, alleged both individual and class claims
pursuant to the Fair Debt Collection Practices Act ("FDCPA") and Mass. G L, ch. 93A, §9

3.    **Liability.** Defendant denies liability to Plaintiff and the class for the claims
alleged but considers it desirable that the action and the claims alleged therein be settled upon the
terms and conditions set forth in this Agreement, in order to avoid further expense and burdensome,
protracted litigation, and to put to rest all claims, known or unknown, that have been or might be
asserted by Plaintiff or the class members against Defendant, concerning collection letters sent by
OSI Collection Services, Inc  or its agents  Plaintiff believes Defendant is liable but considers it

desirable to settle the action upon the terms and conditions set forth in this Agreement

4.    Plaintiff and the class members desire to settle their claims against Defendant, having taken into account through their counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive

5.    Counsel for the class has investigated the facts available to them and the applicable law

6.    Based on the foregoing, and upon an analysis of the benefits which this Settlement Agreement affords the class, counsel for the class consider it to be in the best interest of the class to enter into this Settlement Agreement

7.    In consideration of the foregoing and other good and valuable consideration, Plaintiff, counsel for the class, and Defendant stipulate and agree that the claims of the named Plaintiff and the class against Defendant should be and are hereby compromised and settled, subject to the approval of the court, upon the following terms and conditions

## TERMS

8.    **Effective Date.**  This agreement shall become effective (hereinafter the "Effective Date") upon (1) the Court's entry of a final order approving this agreement as fair, reasonable and adequate to the class; finding that this agreement is fair and made in good faith, dismissing the claims of Plaintiff and the class members against Defendant with prejudice; and (2) the expiration of five (5) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition

approves the Court's final order, judgment and decree, the terms and provisions of this Agreement, and the consummation of the settlement in accordance with the terms and provisions of this Agreement.

       9.    **Certification of Class**

       a.    The parties stipulate to the certification of a class for settlement purposes consisting of (a) all natural persons who reside in Massachusetts, (b) who were sent a letter in the form represented by <u>Exhibit A</u> by OSI Collection Services, Inc (c) that had an interest field that was blank, (d) which letter was received between July 10, 2004 and March 30, 2005.

       b.    The class described above includes approximately 462 persons.

       10.    **Relief to Plaintiffs and the Class and Attorney's Fees.**  Defendant will provide the following relief to Plaintiff and the class  Defendant shall pay the following plus the cost of sending notice and administering the settlement:

       a.    $1,020 to Plaintiff;

       b.    $9,240 to be divided *pro rata* among class members who timely return a claim form and who do not opt out;

       c.    $10,500 to class counsel for attorneys' fees and costs, subject to the Court's approval.

       11.    The class members shall have 45 days to opt out or object to the proposed settlement

       12.    On the Effective Date, Defendant shall distribute all monies set forth in this Settlement Agreement.

       13.    Within 30 days following the void date of the class members' checks, any

uncashed checks or undistributed funds will be donated on a *cy pres* basis to a charity of plaintiff's choice.

14.    **Release.** Plaintiff and the members of the class will grant Defendant the following releases:

a.    Plaintiff hereby remises, releases and forever discharges OSI COLLECTION SERVICES, INC. and its present or former partners, members, principals, insurers, parents, officers, directors, representatives, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, administrators, and assigns (hereinafter collectively "RELEASED PARTIES") of and from all causes of action, suits, claims demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorney's fees and costs, whatsoever for anything that occurred from the beginning of time up through and including the date the Court gives final approval to this Agreement, in law or in equity, of any kind or nature whatsoever, arising out of the allegations made in the action styled as *Timothy Browder v. OSI Collection Services, INC,* 1:05cv10462.

b.    Each class member not opting out releases and discharges the RELEASED PARTIES of and from all causes of action, suits, claims and demands, relating to the collection letter attached as Exhibit A. This release is conditioned upon the approval of this Agreement by the court and Defendant meeting its obligations herein.

c.    This release is in no way intended to release Defendant's claims for payment of the class members' debts or the class members' claims or defenses regarding (1) whether the debt is in fact actually owed, (2) the crediting of payments on such debts, and (3) the proper reporting of debts to credit bureaus.

15.    If this Agreement is not approved by the court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

16.    **Notice.**

a.    Defendant will pay the costs of notice and settlement distribution, in addition to the $20,760 set forth above.

b.    Defendant will cause notice to be provided to the class by U.S. Mail. Defendant shall, within 30 days of entry of the Preliminary Approval Order, cause actual notice, in the form of <u>Exhibit B</u>, to be sent to the last known addresses of the class members, according to Defendant's records. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendant shall forward any such returned notice to the address provided to Defendant within four days of receipt. Should more than 5% of the class decide to opt out of this action, Defendant may revoke this Agreement at any time up to the entry of the final order approving this Agreement.

17.    **Preliminary approval.**    As soon as practicable after execution of this Agreement, the parties shall make application to the court for an order which:

a.    Preliminarily approves this Settlement Agreement.

b.    Certifies the class defined in ¶9 for settlement purposes.

c.    Appoints Edelman, Combs, Latturner & Goodwin, LLC as class counsel.

d.    Schedules a hearing for final approval of this Agreement by the court.

    e.  Approves the form of notice to the class, to be directed to the last known address of the class members as shown on Defendant's records.

    f.  Finds that mailing of the class notice and the other measures specified in ¶17 is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

   18.  The parties agree to request the form of notice attached hereto as <u>Exhibit B</u> and propose the form of preliminary approval order attached hereto as <u>Exhibit C</u>. The fact that the court may require non-substantive changes in the notice or order does not invalidate this Settlement Agreement.

   19.  **Final approval.**  At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, counsel for the class and Defendant shall request that the court enter a Final Order approving the terms of this Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the class satisfies the requirements of due process and Rule 23, dismissing the claims of the named Plaintiff and the class with prejudice and without costs, directing the entry of a final order, and retaining jurisdiction to enforce the provisions of this Agreement.

   20.  The parties agree to request the form of final order attached hereto as <u>Exhibit D</u>. The fact that the court may require non-substantive changes in the final order does not invalidate this Settlement Agreement.

   21.  **Release of Attorney's Lien.**  In consideration of this Settlement Agreement, Plaintiff's counsel, hereby waive, discharge and release the "Released Parties" as defined in ¶14

above of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Plaintiff's counsel in connection with this case, other than the amount awarded by the Court as specified above. Plaintiff's counsel further represent and certify that they will pay any amounts due for attorney's fees pursuant to agreement with them, and hold Defendant harmless from any such claim.

22.    **Miscellaneous Provisions.** The parties and their attorneys agree to cooperate fully with one another in seeking court approval of this agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever.

23.    Notices of objections to this Agreement shall be sent to:

    Daniel A. Edelman
    Francis R. Greene
    Edelman, Combs, Latturner & Goodwin LLC
    120 South LaSalle Street, Suite 1800
    Chicago, IL 60603

and notices to Defendant shall be sent to:

    William T. Bogaert
    Wilson, Elser, Moskowitz, Edelman & Dicker LLP
    155 Federal St.
    Boston, MA 12110

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

26.    The foregoing constitutes the entire Agreement between the parties with

regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

      27.     This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may be treated as originals.

      28.     Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff, the members of the class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

      29.     This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Massachusetts.

      IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _November 18_, 2005.

**For Plaintiff and the Class**

Timothy Browder

**For class counsel with respect to the release of attorney's lien:**

Daniel A. Edelman
Francis R. Greene
Edelman, Combs, Latturner & Goodwin LLC

120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0479 (FAX)

Christopher M. Lefebvre
Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**For OSI Collection Services, Inc.:**

BY: _Richard H. Seeling_

**Approved as to form:**

_William T Bogaert_
William T. Bogaert
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal St.
Boston, MA 12110
(617) 422-5300
(617) 423-6917 (FAX)

9

# EXHIBIT A

OSI Collection Servic
(800) 280-3377

| CREDITOR: |
|---|
| AMERICAN EXPRESS COM ...NY |

| ACCOUNT #: |
|---|
| 2656375 |
| 3715116214711009 |

| DATE: |
|---|
| JULY 13, 2004 |

| AMOUNT: |
|---|
| $18,869.95 |

| INTEREST: |
|---|
| $0.00 |

| TOTAL DUE: |
|---|
| $18,869.95 |

TIMOTHY BROWDER
163 GERRY RD
CHESTNUT HILL MA  02467-3185

# COLLECTION NOTICE

Dear Timothy Browder,

Our client is American Express Company.  They have reported to us that as of today, you owe them $18,869.95.  Per the Cardmember Agreement, this balance may not include interest and fees associated with the current billing cycle.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.  This communication is from a debt collector.**

Make your check or money order payable to OSI Collection Services, Inc. and mail it in the enclosed envelope.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

If you have a reason for withholding payment, we suggest you contact us as explained on the reverse side of this letter.

# NOTIFICACION DE COBRANZA

*DCSD#5028*
*CLS 8/14/04*

Estimado(a) Timothy Browder,

Por medio de la presente le notificamos que nuestro cliente es American Express Company. Esta compañía nos ha informado que hasta esta fecha usted les debe la cantidad de $18,869.95. De acuerdo al Acuerdo de Miembro de Tarjeta, este balance indicado en esta notificación quizá s no contenga el interés y los cargos asociados con el presente ciclo de factura.

**Este es un intento de cobrar una deuda y cualquier información que se obtenga será usada para ese propósito.  Esta comunicación viene de un recaudador de deudas.**

Gire su cheque o giro postal a la orden de OSI Collection Services, Inc. y envíelo en el sobre adjunto.

NOTIFICACION: VEA EL REVERSO PARA LEER INFORMACION IMPORTANTE.

Si usted tiene alguna razón por la cual no ha mandado su pago, le sugerimos que nos llame o nos escriba según la explicación en el reverso de esta carta.

1256 Park Street, Suite 201, Stoughton, MA 02072, (781) 344-2682.  Office Hours: Monday - Thursday 8:00 a.m. to 9:00 p.m., Friday 8:00 a.m. to 5:00 p.m. and Saturday 8:00 a.m. to 12:00 p.m.

This collection agency is licensed by the Office of the Administrator of the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.

⬇ Detach Here ⬇

*Important:*
To insure proper credit, please return this portion to the address shown below with your payment.

OSI COLLECTION SERVICES, INC.
P.O. BOX 983
BROOKFIELD WI 53008

| CREDITOR: |
|---|
| AMERICAN EXPRESS COMPANY |

| ACCOUNT #: |
|---|
| 2656375 |
| 3715116214711009 |

| DATE: |
|---|
| JULY 13, 2004 |

| AMOUNT: |
|---|
| $18,869.95 |

| INTEREST: |
|---|
| $0.00 |

| TOTAL DUE: |
|---|
| $18,869.95 |

TIMOTHY BROWDER
163 GERRY RD
CHESTNUT HILL MA  02467-3185

WE ARE A PROFESSIONAL COLLECTION AGENCY ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

THIS DEBT WILL BE ASSUMED TO BE VALID BY THE COLLECTOR UNLESS THE CONSUMER, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTES THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF.

IF THE CONSUMER NOTIFIES COLLECTOR IN WRITING WITHIN THE THIRTY DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, COLLECTOR WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST THE CONSUMER AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO THE CONSUMER BY COLLECTOR.

UPON THE CONSUMER'S WRITTEN REQUEST WITHIN THE THIRTY DAY PERIOD, COLLECTOR WILL PROVIDE THE CONSUMER WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

**NOTE:** THE ABOVE INFORMATION IS NOT INTENDED TO BE A COMPLETE LIST OF RIGHTS CONSUMERS MAY HAVE UNDER STATE AND FEDERAL LAW.

F0968
REV. 0603

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10462 |
| | ) | Magistrate Judge Bowler |
| v. | ) | Filed 3/10/05 |
| | ) | |
| OSI COLLECTION SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO:**   All natural persons with Massachusetts addresses, against whom no judgment was obtained, who were sent a collection letter by OSI Collection Services, Inc. that had an interest field that was blank, which letter was received between July 14, 2003 and July 13, 2004.

### *PLEASE READ THIS NOTICE CAREFULLY.*

### *THIS IS NOT AN ATTEMPT TO COLLECT MONEY FROM YOU.*
### *THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.*
### *YOU MAY BENEFIT FROM READING THIS NOTICE.*

### *IF YOU WISH TO RECEIVE A PORTION OF THE CLASS SETTLEMENT PROCEEDS YOU MUST RETURN THE FORM AT THE END OF THIS NOTICE BY _____, 2006*

## WHY YOU ARE BEING SENT THIS NOTICE

Magistrate Judge Marianne B. Bowler of the United States District Court for the Eastern Division of Massachusetts has granted preliminary approval of a settlement agreement in the above-entitled action, subject to a hearing on the fairness of the settlement which will take place on _____, 2006 at ____ a.m./p.m. in Room #25 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210.

You are being sent this notice because you appear to be a member of the class defined above. This notice explains the nature of the lawsuit, the terms of the settlement, describes how you may benefit from the settlement and informs you of your legal rights, options, and obligations.

## WHAT THIS LAWSUIT IS ABOUT

This lawsuit contends that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and Mass. G.L., ch. 93A, §9. Plaintiff alleged that Defendant sent Plaintiff and class members debt collection letters that failed to list the amount of interest owed on the debt.

1

## NO ADMISSION OF LIABILITY BY DEFENDANT

By settling this lawsuit, Defendant is not admitting, and expressly denies, that it has done anything wrong.

## THE PROPOSED SETTLEMENT

Plaintiff and Defendant have agreed to the settlement described below.

**Class Recovery, Attorney's Fees and Relief to Plaintiffs.** Defendant agrees to pay the following to settle the claims of the Plaintiff and the class:

1.    $9,240 shall be divided among those class members who do not opt-out and who **return a claim form by _____, 2006.**

2.    Plaintiff shall receive $1,020 in statutory damages;

3.    Plaintiff's counsel will petition the Court for an award of fees and costs not to exceed $10,500.

**Costs.** Defendant will pay the costs associated with class notice and administration of this agreement.

**Release.** Unless you exclude yourself from the settlement, you will be part of the class. By staying in the class, all of the Court's orders will apply to you, and you give the Defendant a "release." A release means you cannot sue or be part of any other lawsuit against OSI Collection Services, Inc. relating to the claims or issues in this lawsuit ever again.

## CLASS COUNSEL'S OPINION OF THE VALUE OF THE SETTLEMENT

The claims asserted on behalf of the class against Defendant are brought under the FDCPA and, Mass. G.L. ch. 93A, §9. The FDCPA is a federal statute which provides for both individual and class actions. Mass. G.L., ch. 93A, §9 is a Massachusetts state statute which provides for both individual and class actions.

In an individual action under the FDCPA, the person bringing the suit may recover (i) any actual damages suffered and (ii) statutory damages of between nothing and $1,000. (Please note that Plaintiff's complaint did not allege actual damages.)

In a class action under the FDCPA, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) statutory damages determined by the Court, based on the culpability of the defendant's conduct and the amount of harm caused by the defendant. Statutory damages in a class action brought under the FDCPA cannot exceed $500,000 or 1% of the defendant's net worth (whichever is less). The court, in its discretion, may award anything between nothing and the maximum amount, depending upon the egregiousness of the violation.

2

Under Mass. G.L., ch. 93A, §9, in an individual and class action, if the court finds for the petitioner, recovery can either be the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice complained of was willful.

Under either statute, in either an individual or class action, the person bringing the suit can also recover attorney's fees and the expenses of prosecuting the suit, if he or she is successful.

Defendant agrees to pay the following damages: (1) $1,000 to Plaintiff in statutory damages under the FDCPA, (2) $20.00 to Plaintiff in statutory damages under Mass. G.L., ch. 93A, §9 and (3) $9,240 in statutory damages under the FDCPA and Mass. G.L., ch. 93A, §9 to each class member who timely submits a claim form. Since class members did not suffer any actual damages, only statutory damages are applicable.

It is estimated that there are 462 class members, no more than 25% of whom will probably send in claim forms. If 100% of class members send in claim forms, each will receive $20. If 25% of class members send in claim forms, each will receive approximately $79.

Class Counsel believes that given the disputed nature of Plaintiff's claims and the protracted nature of the litigation, that this settlement is fair and reasonable and that the class members should accept this settlement.

## WHO REPRESENTS THE CLASS?

The following attorneys represent Plaintiff Timothy Browder and all the members of the class described above ("Class Counsel"):

Daniel A. Edelman
Francis R. Greene
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(800) 644-4673
(312) 739-4200
(312) 419-0379 (FAX)
edcombs@aol.com

Christopher M. Lefebvre
Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02862
401-728-6060
401-728-6534 (FAX)
lefeblaw@aol.com

3

## YOUR CORRECT ADDRESS

If this notice was forwarded by the Postal Service, or if it was otherwise sent to you at an address which is not current, you should immediately send a letter to the address listed below stating your past and current addresses plus the case name (Timothy Browder v. OSI Collection Services, Inc.) and number (Case No. 1:05cv10462 (E.D.MA.)):

    (Name)
    (Address)
    (City, State, Zip)

If any of the persons to whom this notice is sent have divorced, you should send a letter to the same address explaining who is entitled to this claim. Include any supporting documentation (such as a divorce decree) with this letter.

## THE FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement, including the amount of the award to Plaintiff's Counsel for costs and attorney's fees. The hearing will take place before Judge Bowler on _____, 2006 at _____ a.m./p.m. in Room #25 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210. **YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING.**

## YOUR OPTIONS

1.    **You have the right to exclude yourself from both the class action and the settlement by filing a written request for exclusion.** The request for exclusion should be sent to the Clerk of the United States District Court for the Eastern Division of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210. The request for exclusion <u>must</u> be received by the Clerk of the Court on or before _____, 2006 and <u>must</u> refer to your name, address, and the name and number of the case. **If you choose to exclude yourself from the class action and settlement you will not receive payment under this agreement.**

2.    **You may participate in the settlement.** If you wish to receive a portion of the settlement proceeds, you must complete and return the proof of claim form at the end of this notice indicating that you wish to participate in the settlement. **The proof of claim form must be post-marked on or before _____, 2006 and mailed to _____.** You will be represented by the attorneys for Plaintiff without additional charge. Or, if you prefer, you may enter your own appearance or ask the Court to allow you to participate in the settlement through your own attorney. If you wish to participate on your own or through your own attorney, an appearance must be filed with the Court by _____, 2006. If you participate through your own attorney, it will be at your expense.

4

Any party who returns a claim form or otherwise does not exclude his or herself from the settlement, as described above, will be bound by the settlement agreement and release of claims against the Defendant, as approved by the Court. If you remain in the class action but do not return a proof of claim form by _____, 2006, you will be bound by the settlement agreement and release but will not receive payment under this agreement. Only those class members who complete and return a valid proof of claim form post-marked on or before __ _____, 2006 will receive payment under this agreement.

3.    **You may object to the settlement.** If you wish to submit an objection rather than exclude yourself from the class action, you may submit your objection in writing to the Clerk of the United States District Court for the Eastern Division of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210. The objection   must be received by the Clerk of the Court on or before _____, 2006 and must refer to the name and number of the case.

Any written objection must include your name and address, the name and number of the case, and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the class. **If you do file an objection, you do not have to appear at the hearing before Judge Bowler on _____, 2006 at _____ a.m/p.m. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING.** If you intend to object at the hearing, you must notify the Clerk of the Court of your intention to do so by _____, 2006. Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.

If this settlement is not approved, the case will proceed as if no settlement had been attempted. There can be no assurance that if the settlement is not approved, the class will recover more than is provided in the settlement or, indeed, anything.

## AVAILABILITY OF FILED PLEADINGS

This description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the settlement agreement, you should visit the office of the Clerk of the United States District Court for the Eastern Division of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

## INQUIRIES

Any questions you or your attorney have concerning this notice should be directed to:

Edelman, Combs, Latturner & Goodwin, LLC (12.802)
120 South LaSalle Street, Suite 1800
Chicago, IL 60603
(800) 644-4673
(312) 739-4200
312-419-0379 (fax)
edcombs@aol.com

Please include the case name and number, your name and your current return address on any letters, not just the envelopes.

## DO NOT CONTACT THE COURT REGARDING THIS NOTICE.

6

## PROOF OF CLAIM

RE:    Browder v. OSI Collection Services, Inc.
       Case No. 1:05cv10462 (E.D.MA.)

Important: **This claim form must be postmarked on or before _____, 2006** and mailed
to:

Please LEGIBLY PRINT the following information:

NAME: _____

SOCIAL SECURITY #: _____

ADDRESS: _____

CITY/STATE: _____

ZIP CODE: _____

NOTE: IF YOUR CURRENT NAME IS DIFFERENT THAN THE NAME YOU USED WHEN
YOU RECEIVED A COLLECTION LETTER FROM OSI COLLECTION SERVICES, INC.,
PRINT THE NAME YOU USED HERE:

_____

                                    _____
                                    (YOUR SIGNATURE)

7

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

TIMOTHY BROWDER,       )
                              )
          Plaintiff,      )     1:05cv10462
                              )     Magistrate Judge Bowler
      v.                  )     Filed 3/10/05
                              )
OSI COLLECTION SERVICES, INC.,  )
                              )
         Defendant.    )

## <u>PRELIMINARY APPROVAL ORDER</u>

This matter coming before the Court on Plaintiff's request for preliminary

approval of a Class Settlement Agreement ("Agreement") with Defendant OSI Collection

Services, Inc. and notice to the class, the Court being fully advised in the premises, IT IS

HEREBY ORDERED:

             1.     The Court finds that the proposed settlement is within the range of fairness

and reasonableness and grants preliminary approval to it.

             2.     The Court certifies a class, for settlement purposes only, pursuant to Fed.

R. Civ. P. 23(b)(3), consisting of:

> (a) all natural persons who reside in Massachusetts, (b) who were
> sent a letter in the form represented by <u>Exhibit A</u> to the Amended
> Complaint by OSI Collection Services, Inc. (c) that had an interest
> field that was blank, (d) which letter was received between July 14,
> 2003 and July 13, 2004.

The class, as defined, includes approximately 462 persons. Claude Lefebvre P.C. and Edelman,

Combs, Latturner & Goodwin, LLC are appointed as class counsel.

             3.     A hearing on the fairness and reasonableness of the Agreement and

1

whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on _____, 2006 at _____ a.m./p.m.

      4.    The Court approves the proposed form of notice to the class, to be directed to the last known address of the class members as shown on Defendant's records. Defendant will mail, or cause to be mailed notice to class members on or before _____, 2006. Defendant will also cause the settlement checks to be distributed to those class members who submit claim forms. In both cases, any mail returned with a forwarding address will be re-mailed. Defendant will have the notice sent by any form of bulk mail that provides address forwarding mail to each address.

      5.    The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the class is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

      6.    Class members shall have until _____, 2006 to opt out or object to the proposed settlement. Any class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the United States District Court for the Eastern Division of Massachusetts and serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern Division of Massachusetts and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors, who have filed written objections to

2

the settlement, must also appear at the hearing and be heard on the fairness of the settlement.


DATE: _____          ENTER: _____
                                               The Honorable Marianne B. Bowler
                                               United States Magistrate Judge

# APPENDIX B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10462 |
| | ) | Magistrate Judge Bowler |
| v. | ) | Filed 3/10/05 |
| | ) | |
| OSI COLLECTION SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF DANIEL A. EDELMAN

Daniel A. Edelman declares under penalty of perjury, as provided for by the laws of the United States (28 U.S.C. §1746) that the following statements are true:

1.    Edelman, Combs, Latturner & Goodwin, LLC, has 5 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, and Michelle R. Teggelaar, and 9 associates.

2.    **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School.  From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases).  In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982.  From the end of 1985 he has been in private practice in downtown Chicago.  Virtually all of his practice involves litigation on behalf of consumers.  He is the co-author of Rosmarin & Edelman, Consumer Class Action Manual (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of Predatory Lending and Potential Class Actions, ch. 6 of Illinois Mortgage Foreclosure Practice (IICLE 2003); author of Illinois Consumer Law, in Consumer Fraud and Deceptive Business Practices Act and Related Areas Update (Chicago Bar Ass'n 2002); author of Predatory Lending Litigation in Illinois (2001); author of Payday Loans:  Big Interest Rates and Little Regulation, 11 Loy.Consumer L.Rptr. 174 (1999); author of Consumer Fraud and Insurance Claims, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," Ohio Consumer Law (1995 ed.); co-author of Fair Debt Collection:  The Need for Private Enforcement, 7 Loy.Consumer L.Rptr. 89 (1995); author of An Overview of The Fair Debt Collection Practices Act, in Financial Services Litigation, Practicing Law Institute (1999); co-author of Residential Mortgage Litigation, in Financial Services Litigation, Practicing Law Institute (1996); author of Automobile Leasing:  Problems and Solutions, 7 Loy.Consumer

1

L.Rptr. 14 (1994); author of Current Trends in Residential Mortgage Litigation, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); author of Applicability of Illinois Consumer Fraud Act in Favor of Out-of-State Consumers, 8 Loy.Consumer L.Rptr. 27 (1996); co-author of Illinois Consumer Law (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, Attorney Liability Under the Fair Debt Collection Practices Act (Chicago Bar Ass'n 1996); author of The Fair Debt Collection Practices Act: Recent Developments, 8 Loy.Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994).

3.   **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. She formerly supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs & Latturner in early 1991 as an associate. Decisions in which she was involved prior to joining the firm include: Johnson v. Heckler, 607 F.Supp. 875 (N.D.Ill. 1984), and 100 F.R.D. 70 (N.D.Ill. 1983); Sanders v. Shephard, 185 Ill.App.3d 719, 541 N.E.2d 1150 (1st Dist. 1989); Maller v. Cohen, 176 Ill.App.3d 987, 531 N.E.2d 1029 (1st Dist. 1988); Wright v. Department of Labor, 166 Ill.App.3d 438, 519 N.E.2d 1054 (1st Dist. 1988); Barron v. Ward, 165 Ill.App.3d 653, 517 N.E.2d 591 (1st Dist. 1987); City of Chicago v. Leviton, 137 Ill.App.3d 126, 484 N.E.2d 438 (1st Dist. 1985); Jude v. Morrissey, 117 Ill.App.3d 782, 454 N.E.2d 24 (1st Dist. 1983).

4.   **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwantes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in Federal Practice Manual for Legal Services Attorneys (M. Masinter, Ed., National Legal Aid and Defender Association 1989); Governmental Tort Immunity in Illinois, 55 Ill.B.J. 29 (1966); Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations, 2 Loy.Consumer L.Rep. 64 (1990), and Illinois Consumer Law (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued some 30 appeals, including two cases in the United States Supreme Court and two in the Illinois Supreme Court. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers.

5.   **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., 1988) and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., 1991). She has been with the firm since her graduation and has participated in many of the cases described below.

6.   **Michelle R. Teggelaar** is a graduate of the University of Illinois (B.A., 1993), and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors,

1997). She began working for the firm during law school and was made a principal in 2004.

       7.     We also have 13 legal assistants, as well as other support staff.

       8.     Since its inception, the firm has recovered more than $500 million for consumers.

       9.     The types of cases handled by the firm are illustrated by the following:

       a.    **Mortgage charges:**  The firm has been involved in over 30 cases complaining of illegal charges on mortgages.  Decisions in these cases include: <u>Lawson v. First Union Mortg. Co.</u>, 786 N.E.2d 279 (Ind.App. 2003);  <u>Metmor Financial, Inc. v. Eighth Judicial District Court</u>, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); <u>GMAC Mtge. Corp. v. Stapleton</u>, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); <u>Leff v. Olympic Fed. S. & L. Ass'n</u>, 1986 WL 10636 (N.D.Ill. 1986); <u>Aitken v. Fleet Mtge. Corp.</u>, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. 1991), and 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); <u>Poindexter v. National Mtge. Corp.</u>, 1991 U.S.Dist. LEXIS 19643 (N.D.Ill., Dec. 23, 1991), later opinion, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995);  <u>Sanders v. Lincoln Service Corp.</u>, 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. 1993); <u>Robinson v. Empire of America Realty Credit Corp.</u>, 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); <u>In re Mortgage Escrow Deposit Litigation</u>, M.D.L. 899, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 8, 1994); <u>Greenberg v. Republic Federal S. & L. Ass'n</u>, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

       (1)    The recoveries in the escrow overcharge cases alone are over $250 million.  <u>Leff</u> was the seminal case on mortgage escrow overcharges.

       (2)    The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

       b.    **Predatory lending**:  <u>Livingston v. Fast Cash USA, Inc.</u>, 753 N.E.2d 572 (Ind. 2001) (payday lending declared illegal in Indiana); <u>Chandler v. American General Finance, Inc.</u>, 329 Ill.App.3d 729, 768 N.E.2d 60 (1st Dist. 2002).

       c.    **Automobile sales and financing practices:**  The firm has brought many cases challenging practices relating to automobile sales and financing, including:

       (1)    Hidden finance charges resulting from pass-on of discounts on auto purchases.  <u>Walker v. Wallace Auto Sales, Inc.</u>, 155 F.3d 927, 1998 U.S. App. LEXIS 22663 (7th Cir. 1998); <u>Balderos v. City Chevrolet</u>, 214 F.3d 849 (7th Cir. 2000).

       (2)    Misrepresentation of amounts disbursed for extended warranties and related products.  <u>Taylor v. Quality Hyundai, Inc.</u>, 150 F.3d 689, 1998 U.S.App.

LEXIS 16434 (7th Cir. 1998); <u>Lifanda v. Elmhurst Dodge, Inc.,</u> 237 F.3d 803 (7th Cir. 2001); <u>Grimaldi v. Webb,</u> 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); <u>Slawson v. Currie Motors Lincoln Mercury, Inc.,</u> 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 5, 1995); <u>Cirone-Shadow v. Union Nissan, Inc.,</u> 1995 U.S.Dist. LEXIS 1379 (N.D.Ill., Feb. 3, 1995), later opinion, 1995 U.S.Dist. LEXIS 5232 (N.D.Ill., April 20, 1995) (same); <u>Chandler v. Southwest Jeep-Eagle, Inc.,</u> 1995 U.S. Dist. LEXIS 8212 (N.D.Ill., June 8, 1995); <u>Shields v. Lefta, Inc.,</u> 1995 U.S.Dist. LEXIS 7807 (N.D.Ill., June 5, 1995).

(3)    Spot delivery. <u>Janikowski v. Lynch Ford, Inc.,</u> 1999 U.S. Dist. LEXIS 3524 (N.D.Ill., March 11, 1999); <u>Diaz v. Westgate Lincoln Mercury, Inc.,</u> 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. 1994); <u>Grimaldi v. Webb,</u> 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

(4)    Force placed insurance. <u>Bermudez v. First of America Bank Champion, N.A.,</u> 860 F.Supp. 580 (N.D.Ill. 1994); <u>Travis v. Boulevard Bank,</u> 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill., 1995); <u>Moore v. Fidelity Financial Services, Inc.,</u> 884 F. Supp. 288 (N.D.Ill. 1995).

(5)    Improper obligation of cosigners. <u>Lee v. Nationwide Cassell,</u> 174 Ill.2d 540, 675 N.E.2d 599 (1996); <u>Taylor v. Trans Acceptance Corp.,</u> 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995); <u>Qualkenbush v. Harris Trust & Savings Bank,</u> 219 F.Supp.2d 935 (N.D.Ill. 2002).

(6)    Evasion of FTC holder rule. <u>Brown v. LaSalle Northwest Nat'l Bank,</u> 148 F.R.D. 584 (N.D.Ill. 1993), 820 F.Supp. 1078 (N.D.Ill. 1993), and 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

d.    These cases also had a substantial effect on industry practices. The warranty cases, such as <u>Grimaldi</u>, <u>Gibson</u>, <u>Slawson</u>, <u>Cirone-Shadow</u>, <u>Chandler</u>, and <u>Shields</u>, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

e.    **Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, involving such issues as:

(1)    Phony nonfiling insurance. <u>Edwards v. Your Credit Inc.,</u> 148 F.3d 427, 1998 U.S.App. LEXIS 16818 (5th Cir. 1998); <u>Adams v. Plaza Finance Co.,</u> 168 F.3d 932 (7th Cir. Jan 27, 1999); 1999 U.S. App. LEXIS 1052 (7th Cir., January 27, 1999); <u>Johnson v. Aronson Furniture Co.,</u> 1997 U.S. Dist. LEXIS 3979 (N.D.Ill., March 31, 1997).

(2)    The McCarran Ferguson Act exemption. <u>Autry v.</u>

4

<u>Northwest Premium Services, Inc.</u>, 144 F.3d 1037, 1998 U.S. App. LEXIS 9564 (7th Cir. 1998).

          (3)    Loan flipping. <u>Emery v. American General</u>, 71 F.3d 1343 (7th Cir. 1995). <u>Emery</u> limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

          (4)    Home improvement financing practices. <u>Fidelity Financial Services, Inc. v. Hicks</u>, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; <u>Johnson v. Thomas</u>, 342 Ill.App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); <u>Heastie v. Community Bank of Greater Peoria</u>, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990). <u>Heastie</u> granted certification of a class of over 6,000 in a home improvement fraud case.

          (5)    Arbitration clauses. <u>Wrightson v. ITT Financial Services</u>, 617 So.2d 334 (Fla. 1st DCA 1993).

          (6)    Insurance packing. <u>Elliott v. ITT Corp.</u>, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

        f.    **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases. Decisions in these cases include <u>Lundquist v. Security Pacific Automotive Financial Services Corp.</u>, Civ. No. 5:91-754 (TGFD) (D.Conn.), <u>aff'd</u>, 993 F.2d 11 (2d Cir. 1993); <u>Kedziora v. Citicorp Nat'l Services, Inc.</u>, 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); <u>Johnson v. Steven Sims Subaru and Subaru Leasing</u>, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); <u>McCarthy v. PNC Credit Corp.</u>, 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); <u>Kinsella v. Midland Credit Mgmt., Inc.</u>, 1992 U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D.Ill. 1992); <u>Highsmith v. Chrysler Credit Corp.</u>, 18 F.3d 434 (7th Cir. 1994); <u>Black v. Mitsubishi Motors Credit of America, Inc.</u>, 1994 U.S.Dist. LEXIS 11158 (N.D.Ill., August 10, 1994); <u>Simon v. World Omni Leasing Inc.</u>, 146 F.R.D. 197 (S.D.Ala. 1992).

        g.    <u>Lundquist</u> and <u>Highsmith</u> are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the <u>Lundquist</u> case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

        h.    **Collection practices:** The firm has brought a number of cases

under the Fair Debt Collection Practices Act. Decisions in these cases include: <u>Jenkins v. Heintz</u>, 25 F.3d 536 (7th Cir. 1994), aff'd 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); <u>Schlosser v. Fairbanks Capital Corp.</u>, 323 F.3d 534 (7th Cir. 2003); <u>Nielsen v. Dickerson</u>, 307 F.3d 623 (7th Cir. 2002); <u>Boyd v. Wexler</u>, 275 F.3d 642 (7th Cir. 2001); <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.</u>, 214 F.3d 872 (7th Cir. 2000); <u>Johnson v. Revenue Management Corp.</u>, 169 F.3d 1057, 1999 U.S. App. LEXIS 3142 (7th Cir. 1999); <u>Keele v. Wexler & Wexler</u>, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. 1995) (merits), aff'd, 149 F.3d 589, 1998 U.S.App. LEXIS 15029 (7th Cir. 1998); <u>Mace v. Van Ru Credit Corp.</u>, 109 F.3d 338, 1997 U.S.App. LEXIS 5000 (7th Cir., Mar. 17, 1997); <u>Maguire v. Citicorp Retail Services, Inc.</u>, 147 F.3d 232, 1998 U.S.App. LEXIS 16112 (2d Cir. 1998); <u>Young v. Citicorp Retail Services, Inc.</u>, 1998 U.S.App. LEXIS 20268 (2d Cir. 1998); <u>Charles v. Lundgren & Assocs., P.C.</u>, 119 F.3d 739, 1997 U.S. App. LEXIS 16786 (9th Cir. 1997); <u>Avila v. Rubin</u>, 84 F.3d 222 (7th Cir. 1996), aff'g <u>Avila v. Van Ru Credit Corp.</u>, 1995 U.S.Dist. LEXIS 461 (N.D.Ill., Jan. 10, 1995), later opinion, 1995 U.S.Dist. LEXIS 1502 (N.D.Ill., Feb. 6, 1995), later opinion, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995); <u>Carroll v. Butterfield Health Care, Inc.</u>, 02 C 4903, 2003 WL 22462604 (N.D.Ill., Oct 29, 2003); <u>Weiss v. Coldata, Inc.</u>, 02 C 8813, 2003 WL 22118936 (N.D.Ill., Sep 11, 2003); <u>Tolentino v. Friedman</u>, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); <u>Blakemore v. Pekay</u>, 895 F.Supp. 972 (N.D.Ill. 1995); <u>Oglesby v. Rotche</u>, 1993 U.S.Dist. LEXIS 15687 (N.D Ill., Nov. 4, 1993), later opinion, 1994 U.S.Dist. LEXIS 4866 (N.D.Ill., April 15, 1994); <u>Laws v. Cheslock</u>, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999);<u>Davis v. Commercial Check Control, Inc.</u>, 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); <u>Hoffman v. Partners in Collections, Inc.</u>, 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); <u>Vaughn v. CSC Credit Services, Inc.</u>, 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); <u>Beasley v. Blatt</u>, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 14, 1994); <u>Taylor v. Fink</u>, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); <u>Gordon v. Fink</u>, 1995 U.S. Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); <u>Brujis v. Shaw</u>, 876 F.Supp. 198 (N.D.Ill. 1995).

    i. <u>Jenkins v. Heintz</u> is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act. I argued it before the Supreme Court and Seventh Circuit. <u>Avila v. Rubin</u> is a leading decision on phony "attorney letters."

    j. **Class action procedure:** Important decisions include <u>Crawford v. Equifax Payment Services, Inc.</u>, 201 F.3d 877 (7th Cir. 2000); <u>Blair v. Equifax Check Services, Inc.</u>, 181 F.3d 832 (7th Cir. 1999); <u>Mace v. Van Ru Credit Corp.</u>, 109 F.3d 338, 344 (7th Cir. 1997); and <u>Gordon v. Boden</u>, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

    k. **Bankruptcy:** Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. <u>Bessette v. Avco Financial Services</u>, 99-2291 (1st Cir., October 27, 2000).

l.    **Landlord-tenant**:  The firm has brought a number of class actions against landlords for failing to pay interest on security deposits or commingling or failing to return security deposits.  Wang v. Williams, 343 Ill.App.3d 495, 797 N.E.2d 179 (5th Dist. 2003); Dickson v. West Koke Mill Village Partners, 329 Ill.App.3d 341, 769 N.E.2d 971 (4th Dist. 2002).

m.    Some of the other reported decisions in our cases include:  Elder v. Coronet Ins. Co., 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); Smith v. Keycorp Mtge., Inc., 151 Bankr. 870 (N.D.Ill. 1992); Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied,    U.S.    (1992); Armstrong v. Edelson, 718 F.Supp. 1372 (N.D.Ill. 1989); Newman v. 1st 1440 Investment, Inc., 1993 U.S.Dist. LEXIS 354 (N.D.Ill. 1993); Mountain States Tel. & Tel. Co. v. District Court, 778 P.2d 667 (Colo. 1989); Disher v. Fulgoni, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); Harman v. Lyphomed, Inc., 122 F.R.D. 522 (N.D.Ill. 1988); Haslam v. Lefta, Inc., 1992 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); Source One Mortgage Services Corp. v. Jones, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994).

n.    Gordon v. Boden is the first decision approving "fluid recovery" in an Illinois class action.  Elder v. Coronet Insurance held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

Executed at Chicago, Illinois, on November 18, 2005.

_____
Daniel A. Edelman

7