**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10462 |
| | ) | Magistrate Judge Bowler |
| v. | ) | |
| | ) | |
| OSI COLLECTION SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT EMERGENCY MOTION TO CORRECT SCRIVENER'S ERROR**

NOW COME the plaintiff, Timothy Browder, individually and on behalf of all others similarly situated, and the defendant, OSI Collection Services, Inc., and hereby move this Court for approval of the Settlement Agreement and Class Notice attached hereto as <u>Exhibits A and B</u> and for entry of the Amended Preliminary Approval Order attached hereto as <u>Exhibit C</u>.

As part of the settlement of this action, the parties agreed that the class should be restricted to people, as outlined in the class definition, who received the letter at issue between March 10, 2004 through March 20, 2005. Due to a scrivener's error, the Settlement Agreement, Preliminary Approval Order, and the Class Notice approved by the Court on December 22, 2005 included the wrong date range in the class definition.[1]

The Preliminary Approval Order entered by the Court on December 22, 2005 provides that notice of the settlement of this action shall be sent to the class on or before January 27, 2006. Because of this deadline, the parties jointly bring this motion on an emergency basis so as to clarify the error and properly define the class without causing any delay and still complying with the deadlines provided by the court.

---

[1] Taking this opportunity to reexamine the documents, the parties also decided it was in everyone's best interest to include two additional changes to the Class Notice. First, in the sixth paragraph of the section labeled, "CLASS COUNSEL'S OPINION OF THE VALUE OF THE SETTLEMENT" subsection 3 had the words "be shared equally by" inserted to address the ambiguity of how much money each member of the class is entitled to. Second, in the section labeled, "YOUR CORRECT ADDRESS", the contact information for class counsel replaced the generic field operators that were present in the first notice approved by the court.

WHEREFORE, the parties jointly ask this Court to (1) approve the revised Settlement Agreement that contains handwritten corrections to the class definition in paragraph 9, (2) approve the revised Class Notice which contains the corrected date range in the class definition, and (3) enter the Amended Preliminary Approval Order attached hereto as Exhibit C.

Respectfully Submitted,

Timothy Browder, and others similarly situated,
The plaintiffs,

OSI Collection Services, Inc.,
The defendant,

/s/ Francis R. Greene
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

/s/ Mark R. Freitas
Mark R. Freitas, BBO #641205
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Christopher M. Lefebvre, BBO# 629056
LAW OFFICES OF CLAUDE
Two Dexter Street
Pawtucket, RI  02860
(401) 728-6060
(401) 728-6534 (FAX)

## **CERTIFICATE OF SERVICE**

I, Mark R. Freitas, hereby certify that on January 18, 2006 the within Joint Motion was filed electronically and is available for viewing and downloading from the ECF system.  As the defendant is not aware of any party who has not consented to electronic service, and pursuant to L.R. 5.4(C), electronic filing upon counsel of record is the sole means of service of this document.

/s/ Mark R. Freitas_____
Mark R. Freitas

51206.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10462 |
| | ) | Magistrate Judge Bowler |
| v. | ) | Filed 3/10/05 |
| | ) | |
| OSI COLLECTION SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1.    **Parties.** The parties to this Agreement are OSI Collection Services, Inc. ("Defendant") on the one hand, and Timothy Browder ("Plaintiff") and the class of persons as defined in ¶ 9, below.

2.    **Nature of litigation.** Plaintiff Browder originally brought his action in the United States District Court for the Eastern Division of Massachusetts. The action, styled *Timothy Browder v. OSI Collection Services, INC,* 1:05cv10462, alleged both individual and class claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") and Mass. G.L., ch. 93A, §9.

3.    **Liability.** Defendant denies liability to Plaintiff and the class for the claims alleged but considers it desirable that the action and the claims alleged therein be settled upon the terms and conditions set forth in this Agreement, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiff or the class members against Defendant, concerning collection letters sent by OSI Collection Services, Inc. or its agents. Plaintiff believes Defendant is liable but considers it

desirable to settle the action upon the terms and conditions set forth in this Agreement.

4.    Plaintiff and the class members desire to settle their claims against Defendant, having taken into account through their counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

5.    Counsel for the class has investigated the facts available to them and the applicable law.

6.    Based on the foregoing, and upon an analysis of the benefits which this Settlement Agreement affords the class, counsel for the class consider it to be in the best interest of the class to enter into this Settlement Agreement.

7.    In consideration of the foregoing and other good and valuable consideration, Plaintiff, counsel for the class, and Defendant stipulate and agree that the claims of the named Plaintiff and the class against Defendant should be and are hereby compromised and settled, subject to the approval of the court, upon the following terms and conditions.

<u>**TERMS**</u>

8.    **Effective Date.**  This agreement shall become effective (hereinafter the "Effective Date") upon (1) the Court's entry of a final order approving this agreement as fair, reasonable and adequate to the class; finding that this agreement is fair and made in good faith, dismissing the claims of Plaintiff and the class members against Defendant with prejudice; and (2) the expiration of five (5) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition

approves the Court's final order, judgment and decree, the terms and provisions of this Agreement, and the consummation of the settlement in accordance with the terms and provisions of this Agreement.

9.      **Certification of Class**.

a.      The parties stipulate to the certification of a class for settlement purposes consisting of (a) all natural persons who reside in Massachusetts, (b) who were sent a letter in the form represented by Exhibit A by OSI Collection Services, Inc. (c) that had an interest field that was blank, (d) which letter was received between ~~July~~ 10, 2004 and March 20, 2005.

b.      The class described above includes approximately 462 persons.

10.     **Relief to Plaintiffs and the Class and Attorney's Fees.**  Defendant will provide the following relief to Plaintiff and the class. Defendant shall pay the following plus the cost of sending notice and administering the settlement:

a.      $1,020 to Plaintiff;

b.      $9,240 to be divided *pro rata* among class members who timely return a claim form and who do not opt out;

c.      $10,500 to class counsel for attorneys' fees and costs, subject to the Court's approval.

11.     The class members shall have 45 days to opt out or object to the proposed settlement.

12.     On the Effective Date, Defendant shall distribute all monies set forth in this Settlement Agreement.

13.     Within 30 days following the void date of the class members' checks, any

uncashed checks or undistributed funds will be donated on a *cy pres* basis to a charity of plaintiff's choice.

14.    **Release.** Plaintiff and the members of the class will grant Defendant the following releases:

a.    Plaintiff hereby remises, releases and forever discharges OSI COLLECTION SERVICES, INC. and its present or former partners, members, principals, insurers, parents, officers, directors, representatives, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, e xecutors, administrators, and assigns (hereinafter collectively "RELEASED PARTIES") of and from all causes of action, suits, claims demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorney's fees and costs, whatsoever for anything that occurred from the beginning of time up through and including the date the Court gives final approval to this Agreement, in law or in equity, of any kind or nature whatsoever, arising out of the allegations made in the action styled as *Timothy Browder v OSI Collection Services, INC,* 1:05cv10462.

b.    Each class member not opting out releases and discharges the RELEASED PARTIES of and from all causes of action, suits, claims and demands, relating to the collection letter attached as Exhibit A.  This release is conditioned upon the approval of this Agreement by the court and Defendant meeting its obligations herein.

c.    This release is in no way intended to release Defendant's claims for payment of the class members' debts or the class members' claims or defenses regarding (1) whether the debt is in fact actually owed, (2) the crediting of payments on such debts, and (3) the proper reporting of debts to credit bureaus.

15.    If this Agreement is not approved by the court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

16.    **Notice.**

a.    Defendant will pay the costs of notice and settlement distribution, in addition to the $20,760 set forth above.

b.    Defendant will cause notice to be provided to the class by U.S. Mail. Defendant shall, within 30 days of entry of the Preliminary Approval Order, cause actual notice, in the form of Exhibit B, to be sent to the last known addresses of the class members, according to Defendant's records. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendant shall forward any such returned notice to the address provided to Defendant within four days of receipt. Should more than 5% of the class decide to opt out of this action, Defendant may revoke this Agreement at any time up to the entry of the final order approving this Agreement.

17.    **Preliminary approval.**    As soon as practicable after execution of this Agreement, the parties shall make application to the court for an order which:

a.    Preliminarily approves this Settlement Agreement.

b.    Certifies the class defined in ¶9 for settlement purposes.

c.    Appoints Edelman, Combs, Latturner & Goodwin, LLC as class counsel.

d.    Schedules a hearing for final approval of this Agreement by the court.

e. Approves the form of notice to the class, to be directed to the last known address of the class members as shown on Defendant's records.

f. Finds that mailing of the class notice and the other measures specified in ¶17 is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

18. The parties agree to request the form of notice attached hereto as <u>Exhibit B</u> and propose the form of preliminary approval order attached hereto as <u>Exhibit C</u>. The fact that the court may require non-substantive changes in the notice or order does not invalidate this Settlement Agreement.

19. **Final approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, counsel for the class and Defendant shall request that the court enter a Final Order approving the terms of this Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the class satisfies the requirements of due process and Rule 23, dismissing the claims of the named Plaintiff and the class with prejudice and without costs, directing the entry of a final order, and retaining jurisdiction to enforce the provisions of this Agreement.

20. The parties agree to request the form of final order attached hereto as <u>Exhibit D</u>. The fact that the court may require non-substantive changes in the final order does not invalidate this Settlement Agreement.

21. **Release of Attorney's Lien.** In consideration of this Settlement Agreement, Plaintiff's counsel, hereby waive, discharge and release the "Released Parties" as defined in ¶14

above of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Plaintiff's counsel in connection with this case, other than the amount awarded by the Court as specified above. Plaintiff's counsel further represent and certify that they will pay any amounts due for attorney's fees pursuant to agreement with them, and hold Defendant harmless from any such claim.

22.    **Miscellaneous Provisions.**  The parties and their attorneys agree to cooperate fully with one another in seeking court approval of this agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever.

23.    Notices of objections to this Agreement shall be sent to:

Daniel A. Edelman
Francis R. Greene
Edelman, Combs, Latturner & Goodwin LLC
120 South LaSalle Street, Suite 1800
Chicago, IL 60603

and notices to Defendant shall be sent to:

William T. Bogaert
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal St.
Boston, MA 12110

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

26.    The foregoing constitutes the entire Agreement between the parties with

regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

      27.    This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may be treated as originals.

      28.    Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff, the members of the class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

      29.    This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Massachusetts.

      IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _November 18_____, 2005.

**For Plaintiff and the Class**

_[signature]_

Timothy Browder

**For class counsel with respect to the release of attorney's lien:**

_[signature]_

Daniel A. Edelman
Francis R. Greene
Edelman, Combs, Latturner & Goodwin LLC

120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0479 (FAX)

Christopher M. Lefebvre
Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**For OSI Collection Services, Inc.:**

BY: _Richard H. Seeling_

**Approved as to form:**

_William T Bogaert_
William T. Bogaert
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal St.
Boston, MA 12110
(617) 422-5300
(617) 423-6917 (FAX)

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10462 |
| | ) | Magistrate Judge Bowler |
| v. | ) | Filed 3/10/05 |
| | ) | |
| OSI COLLECTION SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO:**    All natural persons with Massachusetts addresses, against whom no judgment was obtained, who were sent a collection letter by OSI Collection Services, Inc. that had an interest field that was blank, which letter was received between March 10, 2004 and March 20, 2005.

### *PLEASE READ THIS NOTICE CAREFULLY.*

### *THIS IS <u>NOT</u> AN ATTEMPT TO COLLECT MONEY FROM YOU.*
### *THIS IS NOT A NOTICE OF A LAWSUIT <u>AGAINST</u> YOU.*
### *YOU MAY BENEFIT FROM READING THIS NOTICE.*

### *IF YOU WISH TO RECEIVE A PORTION OF THE CLASS SETTLEMENT PROCEEDS YOU MUST RETURN THE FORM AT THE END OF THIS NOTICE BY MARCH 16, 2006*

## WHY YOU ARE BEING SENT THIS NOTICE

Magistrate Judge Marianne B. Bowler of the United States District Court for the Eastern Division of Massachusetts has granted preliminary approval of a settlement agreement in the above-entitled action, subject to a hearing on the fairness of the settlement which will take place on March 27, 2006 at 2:30 p.m. in Room #25 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210.

You are being sent this notice because you appear to be a member of the class defined above. This notice explains the nature of the lawsuit, the terms of the settlement, describes how you may benefit from the settlement and informs you of your legal rights, options, and obligations.

## WHAT THIS LAWSUIT IS ABOUT

This lawsuit contends that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and Mass. G.L., ch. 93A, §9. Plaintiff alleged that Defendant sent Plaintiff and class members debt collection letters that failed to list the amount of interest owed on the debt.

1

## NO ADMISSION OF LIABILITY BY DEFENDANT

By settling this lawsuit, Defendant is not admitting, and expressly denies, that it has done anything wrong.

## THE PROPOSED SETTLEMENT

Plaintiff and Defendant have agreed to the settlement described below.

**Class Recovery, Attorney's Fees and Relief to Plaintiffs.**  Defendant agrees to pay the following to settle the claims of the Plaintiff and the class:

1.    $9,240 shall be divided among those class members who do not opt-out and who **return a claim form by <u>MARCH 16</u>, 2006**.

2.    Plaintiff shall receive $1,020 in statutory damages;

3.    Plaintiff's counsel will petition the Court for an award of fees and costs not to exceed $10,500.

**Costs.**  Defendant will pay the costs associated with class notice and administration of this agreement.

**Release.** Unless you exclude yourself from the settlement, you will be part of the class. By staying in the class, all of the Court's orders will apply to you, and you give the Defendant a "release."  A release means you cannot sue or be part of any other lawsuit against OSI Collection Services, Inc. relating to the claims or issues in this lawsuit ever again.

## CLASS COUNSEL'S OPINION OF THE VALUE OF THE SETTLEMENT

The claims asserted on behalf of the class against Defendant are brought under the FDCPA and, Mass. G.L. ch. 93A, §9.  The FDCPA is a federal statute which provides for both individual and class actions. Mass. G.L., ch. 93A, §9 is a Massachusetts state statute which provides for both individual and class actions.

In an individual action under the FDCPA, the person bringing the suit may recover (i) any actual damages suffered and (ii) statutory damages of between nothing and $1,000.  (Please note that Plaintiff's complaint did not allege actual damages.)

In a class action under the FDCPA, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) statutory damages determined by the Court, based on the culpability of the defendant's conduct and the amount of harm caused by the defendant.  Statutory damages in a class action brought under the FDCPA cannot exceed $500,000 or 1% of the defendant's  net worth (whichever is less).  The court, in its discretion,

2

may award anything between nothing and the maximum amount, depending upon the egregiousness of the violation.

Under Mass. G.L., ch. 93A, §9, in an individual and class action, if the court finds for the petitioner, recovery can either be the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice complained of was willful.

Under either statute, in either an individual or class action, the person bringing the suit can also recover attorney's fees and the expenses of prosecuting the suit, if he or she is successful.

Defendant agrees to pay the following damages: (1) $1,000 to Plaintiff in statutory damages under the FDCPA, (2) $20.00 to Plaintiff in statutory damages under Mass. G.L., ch. 93A, §9 and (3) $9,240 in statutory damages under the FDCPA and Mass. G.L., ch. 93A, §9 to be shared equally by each class member who timely submits a claim form.  Since class members did not suffer any actual damages, only statutory damages are applicable.

It is estimated that there are 462 class members, no more than 25% of whom will probably send in claim forms. If 100% of class members send in claim forms, each will receive $20. If 25% of class members send in claim forms, each will receive approximately $79.

Class Counsel believes that given the disputed nature of Plaintiff's claims and the protracted nature of the litigation, that this settlement is fair and reasonable and that the class members should accept this settlement.

## WHO REPRESENTS THE CLASS?

The following attorneys represent Plaintiff Timothy Browder and all the members of the class described above ("Class Counsel"):

Daniel A. Edelman
Francis R. Greene
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(800) 644-4673
(312) 739-4200
(312) 419-0379 (FAX)
edcombs@aol.com

Christopher M. Lefebvre
Offices of Claude Lefebvre & Sons
P.O. Box 479

3

Pawtucket, RI 02862
401-728-6060
401-728-6534 (FAX)
lefeblaw@aol.com

## YOUR CORRECT ADDRESS

If this notice was forwarded by the Postal Service, or if it was otherwise sent to you at an address which is not current, you should immediately send a letter to the address listed below stating your past and current addresses plus the case name (Timothy Browder v. OSI Collection Services, Inc.) and number (Case No. 1:05cv10462 (E.D.MA.)):

Scott Whittemore
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603

If any of the persons to whom this notice is sent have divorced, you should send a letter to the same address explaining who is entitled to this claim.  Include any supporting documentation (such as a divorce decree) with this letter.

## THE FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement.  At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement, including the amount of the award to Plaintiff's Counsel for costs and attorney's fees.  The hearing will take place before Judge Bowler on March 27, 2006 at 2:30 p.m. in Room #25 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210.  **YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING.**

## YOUR OPTIONS

1.      **You have the right to exclude yourself from both the class action and the settlement by filing a written request for exclusion.** The request for exclusion should be sent to the Clerk of the United States District Court for the Eastern Division of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210. The request for exclusion must be received by the Clerk of the Court on or before March 16, 2006 and must refer to your name, address, and the name and number of the case. **If you choose to exclude yourself from the class action and settlement you will not receive payment under this agreement.**

2.      **You may participate in the settlement.** If you wish to receive a portion of the settlement proceeds, you must complete and return the proof of claim form at the end of this

4

notice indicating that you wish to participate in the settlement. **The proof of claim form must be post-marked on or before MARCH 16, 2006 and mailed to** Scott Whittemore, Edelman, Combs, Latturner & Goodwin, LLC (12.802), 120 S. LaSalle St., Suite 1800, Chicago, IL 60603.You will be represented by the attorneys for Plaintiff without additional charge. Or, if you prefer, you may enter your own appearance or ask the Court to allow you to participate in the settlement through your own attorney. If you wish to participate on your own or through your own attorney, an appearance must be filed with the Court by March 16, 2006. If you participate through your own attorney, it will be at your expense.

**Any party who returns a claim form or otherwise does not exclude his or herself from the settlement, as described above, will be bound by the settlement agreement and release of claims against the Defendant, as approved by the Court. If you remain in the class action but do not return a proof of claim form by March 16, 2006, you will be bound by the settlement agreement and release but will not receive payment under this agreement. Only those class members who complete and return a valid proof of claim form post-marked on or before March 16, 2006 will receive payment under this agreement.**

3.    **You may object to the settlement.** If you wish to submit an objection rather than exclude yourself from the class action, you may submit your objection in writing to the Clerk of the United States District Court for the Eastern Division of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210. The objection <u>must</u> be received by the Clerk of the Court on or before March 16, 2006 and <u>must</u> refer to the name and number of the case.

Any written objection must include your name and address, the name and number of the case, and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the class. **If you do file an objection, you do not have to appear at the hearing before Judge Bowler on March 27 , 2006 at 2:30 p.m. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING.** If you intend to object at the hearing, you must notify the Clerk of the Court of your intention to do so by March 16, 2006. Please note that it is not sufficient to simply state that you object.  You must state reasons why the settlement should not be approved.

If this settlement is not approved, the case will proceed as if no settlement had been attempted. There can be no assurance that if the settlement is not approved, the class will recover more than is provided in the settlement or, indeed, anything.

## <u>AVAILABILITY OF FILED PLEADINGS</u>

This description of the case is general and does not cover all of the issues and proceedings thus far.  In order to see the complete file, including a copy of the settlement agreement, you should visit the office of the Clerk of the United States District Court for the Eastern Division of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210.  The Clerk will make the files relating to this

51187.1

lawsuit available to you for inspection and copying at your own expense.

### INQUIRIES

Any questions you or your attorney have concerning this notice should be directed to:

Edelman, Combs, Latturner & Goodwin, LLC (12.802)
120 South LaSalle Street, Suite 1800
Chicago, IL 60603
(800) 644-4673
(312) 739-4200
312-419-0379 (fax)
edcombs@aol.com

Please include the case name and number, your name and your current return address on any letters, not just the envelopes.

**DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

51187.1

## PROOF OF CLAIM

RE:    Browder v. OSI Collection Services, Inc.
       Case No. 1:05cv10462 (E.D.MA.)

Important: **This claim form must be postmarked on or March 16, 2006** and mailed to:

Scott Whittemore
Edelman, Combs, Latturner & Goodwin, LLC (12.802)
120 South LaSalle St.
Suite 1800
Chicago, IL 60603

Please LEGIBLY PRINT the following information:

NAME:

SOCIAL SECURITY #:

ADDRESS:

CITY/STATE:

ZIP CODE:

NOTE: IF YOUR CURRENT NAME IS DIFFERENT THAN THE NAME YOU USED WHEN YOU RECEIVED A COLLECTION LETTER FROM OSI COLLECTION SERVICES, INC., PRINT THE NAME YOU USED HERE:

_____
(YOUR SIGNATURE)

7

51187.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10462 |
| | ) | Magistrate Judge Bowler |
| v. | ) | Filed 3/10/05 |
| | ) | |
| OSI COLLECTION SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED PRELIMINARY APPROVAL ORDER

This matter coming before the Court on Plaintiff's request for preliminary

approval of a Class Settlement Agreement ("Agreement") with Defendant OSI Collection

Services, Inc. and notice to the class, the Court being fully advised in the premises, IT IS

HEREBY ORDERED:

1.    The Court finds that the proposed settlement is within the range of fairness

and reasonableness and grants preliminary approval to it.

2.    The Court certifies a class, for settlement purposes only, pursuant to Fed.

R. Civ. P. 23(b)(3), consisting of:

> (a) all natural persons who reside in Massachusetts, (b) who were
> sent a letter in the form represented by Exhibit A to the Amended
> Complaint by OSI Collection Services, Inc. (c) that had an interest
> field that was blank, (d) which letter was received between March
> 10, 2004 and March 20, 2005.

The class, as defined, includes approximately 462 persons. Claude Lefebvre P.C. and Edelman,

Combs, Latturner & Goodwin, LLC are appointed as class counsel.

3.    A hearing on the fairness and reasonableness of the Agreement and

1

whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on March 27, 2006 at 2:30 p.m.

4.    The Court approves the proposed form of notice to the class, to be directed to the last known address of the class members as shown on Defendant's records.  Defendant will mail, or cause to be mailed notice to class members on or before January 27, 2006. Defendant will also cause the settlement checks to be distributed to those class members who submit claim forms.  In both cases, any mail returned with a forwarding address will be re-mailed.  Defendant will have the notice sent by any form of bulk mail that provides address forwarding mail to each address.

5.    The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the class is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

6.    Class members shall have until March 13, 2006 to opt out or object to the proposed settlement.  Any class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the United States District Court for the Eastern Division of Massachusetts and serve copies of the request on counsel for both Plaintiff and Defendant by that date.  Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern Division of Massachusetts and serve copies of the objection on counsel for both Plaintiff and Defendant by that date.  Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class.

7.    In order to receive a portion of the class settlement proceeds, class members must submit a valid claim form on or before March 13, 2006.

DATE: _____        ENTER: _____

The Honorable Marianne B. Bowler
United States Magistrate Judge